Angel R. Sevilla (State Bar No. 239072)
Benjamin J. Schnayerson (State Bar No. 257857)
Benjamin R. Eversole (State Bar No. 311919)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Angel.Sevilla@jacksonlewis.com
E-mail: Benjamin.Schnayerson@jacksonlewis.com
E-mail: Benjamin.Eversole@jacksonlewis.com

Attorneys for Defendants
SAFE HAVEN SECURITY SERVICES, INC.,
SAFE HAVEN SECURITY SERVICES, LLC and
JAMIE LEE GOEHRING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY OLIVER, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>SAFE HAVEN SECURITY SERVICES, INC., a Missouri Corporation; SAFE HAVEN SECURITY SERVICE, LLC, a Missouri Limited Liability Company; MARK WAYNE KLEEMAN, an individual; JAMIE LEE GOEHRING, an individual; and DOES 1 through 40, inclusive,<br><br>            Defendants. | Case No. 2:23-cv-00626-MCE-JDP<br><br>**DEFENDANT JAMIE LEE GOEHRING'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:   02/08/2023<br>Removal Filed:    04/03/2023<br>Trial Date:            Not Set |

Defendant JAMIE LEE GOEHRING ("Defendant"), hereby answers the Complaint for Damages ("Complaint"), filed by TIMOTHY OLIVER ("Plaintiff"), as follows:

## ANSWER

1. With respect to Paragraph 1 of the Complaint, Defendant denies that Plaintiff was employed by all of the named Defendants. Defendant further is without knowledge or sufficient information for the remainder of the allegations, and on that basis denies the allegations.

2. With respect to Paragraph 2 of the Complaint, Defendant admits that Safe Haven Security Services, Inc. was a Missouri corporation, but denies that it is a Missouri corporation now.

3. With respect to Paragraph 3 of the Complaint, Defendant admits the allegations.

4. With respect to Paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4, and on that basis, Defendant denies the allegations.

5. With respect to Paragraph 5 of the Complaint, Defendant denies the allegations.

6. With respect to Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6, and on that basis, Defendant denies the allegations.

7. With respect to Paragraph 7 of the Complaint, Defendant denies the allegations.

8. With respect to Paragraph 8 of the Complaint, Defendant denies the allegations, with the exception that Defendant admits that Safe Haven Security Services, Inc. employed Plaintiff.

9. With respect to Paragraph 9 of the Complaint, Defendant denies the allegations.

10. With respect to Paragraph 10 of the Complaint, Defendant denies the allegations.

11. With respect to Paragraph 11 of the Complaint, Defendant denies the allegations.

12. Paragraph 12 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

    a. With respect to Paragraph 12(a) of the Complaint, Defendant denies the allegations.

b.  With respect to Paragraph 12(b) of the Complaint, Defendant denies the allegations, except that Defendant admits that Mark Kleeman is an officer of Safe Haven Security Services, LLC.

c.  With respect to Paragraph 12(c) of the Complaint, Defendant denies the allegations.

d.  With respect to Paragraph 12(d) of the Complaint, Defendant denies the allegations.

e.  With respect to Paragraph 12(e) of the Complaint, Defendant denies the allegations.

f.  With respect to Paragraph 12(f) of the Complaint, Defendant denies the allegations.

g.  With respect to Paragraph 12(g) of the Complaint, Defendant denies the allegations.

h.  With respect to Paragraph 12(h) of the Complaint, Defendant denies the allegations.

i.  With respect to Paragraph 12(i) of the Complaint, Defendant denies the allegations.

j.  With respect to Paragraph 12(j) of the Complaint, Defendant denies the allegations.

k.  With respect to Paragraph 12(k) of the Complaint, Defendant denies the allegations.

l.  With respect to Paragraph 12(l) of the Complaint, Defendant denies the allegations.

13.  Paragraph 13 of the Complaint contains legal conclusions.  As such, no response is required.  To the extent a response is required, Defendant denies the allegations.

14.  Paragraph 14 of the Complaint contains legal conclusions.  As such, no response is required.  To the extent a response is required, Defendant denies the allegations.

15.  Defendant denies Paragraph 15 of the Complaint except that Defendant admits

that Mark Wayne Kleeman is an officer of Safe Haven Security Services, LLC.

16. With respect to Paragraph 16 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16, and on that basis, Defendant denies the allegations.

17. Paragraph 17 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

18. Paragraph 18 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

19. With respect to Paragraph 19 of the Complaint, Defendant denies the allegations, except that Defendant admits that Plaintiff was hired on or around October 6, 2020 as a Technician in Sacramento, California, that his job duties included installing security equipment, and his base rate of pay was $13.00 per hour.

20. With respect to Paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20, and on that basis, Defendant denies the allegations.

21. With respect to Paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21, and on that basis, Defendant denies the allegations.

22. With respect to Paragraph 22 of the Complaint, Defendant denies that he was a Branch Manager on October 23, 2022. With respect to the rest of Paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations, and on that basis, Defendant denies the allegations.

23. With respect to Paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23, and on that basis, Defendant denies the allegations.

24. With respect to Paragraph 24 of the Complaint, Defendant denies the allegations.

25. With respect to Paragraph 25 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25, and on that

basis, Defendant denies the allegations.

26. With respect to Paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26, and on that basis, Defendant denies the allegations.

27. With respect to Paragraph 27 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 27, and on that basis, Defendant denies the allegations.

28. With respect to Paragraph 28 of the Complaint, Defendant denies the allegations.

29. With respect to Paragraph 29 of the Complaint, Defendant denies the allegations

30. With respect to Paragraph 30 of the Complaint, Defendant denies the allegations.

31. With respect to Paragraph 31 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31, and on that basis, Defendant denies the allegations, except Defendant admits Plaintiff's termination date was January 21, 2021.

32. With respect to Paragraph 32 of the Complaint, Defendant denies the allegations.

33. With respect to Paragraph 33 of the Complaint, Defendant admits that the Complaint includes the listed causes of actions but denies any liability or that Plaintiff is entitled to any relief.

34. With respect to Paragraph 34 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34, and on that basis, Defendant denies the allegations.

35. With respect to Paragraph 35 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 35, and on that basis, Defendant denies the allegations.

36. With respect to Paragraph 36 of the Complaint, Defendant denies the allegations.

37. With respect to Paragraph 37 of the Complaint, Defendant denies the allegations.

38. With respect to Paragraph 38 of the Complaint, Defendant denies the allegations.

39. With respect to Paragraph 39 of the Complaint, Defendant denies the allegations.

40. With respect to Paragraph 40 of the Complaint, Defendant denies the allegations, except that Defendant admits that Defendant oversaw and evaluated the performance of employees.

41. With respect to Paragraph 41 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 41, and on that basis, Defendant denies the allegations.

42. With respect to Paragraph 42 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 42, and on that basis, Defendant denies the allegations.

43. Defendant incorporates his response to the foregoing Paragraphs as though fully restated herein.

44. Paragraph 44 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

45. With respect to Paragraph 45 of the Complaint, Defendant denies the allegations.

46. Paragraph 46 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

47. Paragraph 47 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

48. With respect to Paragraph 48 of the Complaint, Defendant denies the allegations.

49. With respect to Paragraph 49 of the Complaint, Defendant denies the allegations.

50. With respect to Paragraph 50 of the Complaint, Defendant denies the allegations.

51. With respect to Paragraph 51 of the Complaint, Defendant denies the allegations.

52. With respect to Paragraph 52 of the Complaint, Defendant denies the allegations.

53. Defendant incorporates his response to the foregoing Paragraphs as though fully restated herein.

54. Paragraph 54 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

55. With respect to Paragraph 55 of the Complaint, Defendant denies the allegations.

1  56. With respect to Paragraph 56 of the Complaint, Defendant denies the allegations.

2  57. With respect to Paragraph 57 of the Complaint, Defendant denies the allegations.

3  58. With respect to Paragraph 58 of the Complaint, Defendant denies the allegations.

4  59. With respect to Paragraph 59 of the Complaint, Defendant denies the allegations.

5  60. With respect to Paragraph 60 of the Complaint, Defendant denies the allegations.

6  61. With respect to Paragraph 61 of the Complaint, Defendant denies the allegations.

7  62. Defendant incorporates his response to the foregoing Paragraphs as though fully

8  restated herein.

9  63. Paragraph 63 of the Complaint contains legal conclusions.  As such, no response

10 is required.  To the extent a response is required, Defendant denies the allegations.

11 64. With respect to Paragraph 64 of the Complaint, Defendant denies the allegations.

12 65. With respect to Paragraph 65 of the Complaint, Defendant denies the allegations.

13 66. With respect to Paragraph 66 of the Complaint, Defendant denies the allegations.

14 67. With respect to Paragraph 67 of the Complaint, Defendant denies the allegations.

15 68. With respect to Paragraph 68 of the Complaint, Defendant denies the allegations.

16 69. Defendant incorporates his response to the foregoing Paragraphs as though fully

17 restated herein.

18 70. Paragraph 70 of the Complaint contains legal conclusions.  As such, no response

19 is required.  To the extent a response is required, Defendant denies the allegations.

20 71. With respect to Paragraph 71 of the Complaint, Defendant denies the allegations.

21 72. With respect to Paragraph 72 of the Complaint, Defendant denies the allegations.

22 73. With respect to Paragraph 73 of the Complaint, Defendant denies the allegations.

23 74. With respect to Paragraph 74 of the Complaint, Defendant denies the allegations.

24 75. With respect to Paragraph 75 of the Complaint, Defendant denies the allegations.

25 76. Defendant incorporates his response to the foregoing Paragraphs as though fully

26 restated herein.

27 77. With respect to Paragraph 77 of the Complaint, Defendant is without knowledge

28 or information sufficient to admit or deny the allegations contained in Paragraph 77, and on that

1  basis, Defendant denies the allegations.

2  78. With respect to Paragraph 78 of the Complaint, Defendant denies the allegations.

3  79. With respect to Paragraph 79 of the Complaint, Defendant denies the allegations.

4  80. With respect to Paragraph 80 of the Complaint, Defendant denies the allegations.

5  81. With respect to Paragraph 81 of the Complaint, Defendant denies the allegations.

6  82. With respect to Paragraph 82 of the Complaint, Defendant denies the allegations.

7  83. With respect to Paragraph 83 of the Complaint, Defendant denies the allegations.

8  84. With respect to Paragraph 84 of the Complaint, Defendant denies the allegations.

9  85. Defendant incorporates his response to the foregoing Paragraphs as though fully
10 restated herein.

11 86. Paragraph 86 of the Complaint contains legal conclusions.  As such, no response
12 is required.  To the extent a response is required, Defendant denies the allegations.

13 87. With respect to Paragraph 87 of the Complaint, Defendant denies the allegations.

14 88. With respect to Paragraph 88 of the Complaint, Defendant denies the allegations.

15 89. With respect to Paragraph 89 of the Complaint, Defendant denies the allegations.

16 90. With respect to Paragraph 90 of the Complaint, Defendant denies the allegations.

17 91. Defendant incorporates his response to the foregoing Paragraphs as though fully
18 restated herein.

19 92. Paragraph 92 of the Complaint contains legal conclusions.  As such, no response
20 is required.  To the extent a response is required, Defendant denies the allegations.

21 93. With respect to Paragraph 93 of the Complaint, Defendant denies the allegations.

22 94. With respect to Paragraph 94 of the Complaint, Defendant denies the allegations.

23 95. With respect to Paragraph 95 of the Complaint, Defendant denies the allegations.

24 96. With respect to Paragraph 96 of the Complaint, Defendant denies the allegations.

25 97. With respect to Paragraph 97 of the Complaint, Defendant denies the allegations.

26 98. Defendant incorporates his response to the foregoing Paragraphs as though fully
27 restated herein.

28 99. With respect to Paragraph 99 of the Complaint, Defendant is without knowledge

or information sufficient to admit or deny the allegations contained in Paragraph 99, and on that basis, Defendant denies the allegations.

100. With respect to Paragraph 100 of the Complaint, Defendant denies the allegations.

101. With respect to Paragraph 101 of the Complaint, Defendant denies the allegations.

102. With respect to Paragraph 102 of the Complaint, Defendant denies the allegations.

103. With respect to Paragraph 103 of the Complaint, Defendant denies the allegations.

104. With respect to Paragraph 104 of the Complaint, Defendant denies the allegations.

105. With respect to Paragraph 105 of the Complaint, Defendant denies the allegations.

106. With respect to Paragraph 106 of the Complaint, Defendant denies the allegations.

107. With respect to Paragraph 107 of the Complaint, Defendant denies the allegations.

108. With respect to Paragraph 108 of the Complaint, Defendant denies the allegations.

109. With respect to Paragraph 109 of the Complaint, Defendant denies the allegations.

110. With respect to Paragraph 110 of the Complaint, Defendant denies the allegations.

111. With respect to Paragraph 111 of the Complaint, Defendant denies the allegations.

112. With respect to Paragraph 112 of the Complaint, Defendant denies the allegations.

113. With respect to Paragraph 113 of the Complaint, Defendant denies the allegations.

114. Defendant incorporates his response to the foregoing Paragraphs as though fully restated herein.

115. With respect to Paragraph 115 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 115, and on that basis, Defendant denies the allegations.

116. With respect to Paragraph 116 of the Complaint, Defendant denies the allegations.

117. With respect to Paragraph 117 of the Complaint, Defendant denies the allegations.

118. With respect to Paragraph 118 of the Complaint, Defendant denies the allegations.

119. With respect to Paragraph 119 of the Complaint, Defendant denies the allegations.

120. With respect to Paragraph 120 of the Complaint, Defendant denies the allegations, except

121. With respect to Paragraph 121 of the Complaint, Defendant denies the allegations.

122. With respect to Paragraph 122 of the Complaint, Defendant denies the allegations.

123. With respect to Paragraph 123 of the Complaint, Defendant denies the allegations.

124. With respect to Paragraph 124 of the Complaint, Defendant denies the allegations.

125. With respect to Paragraph 125 of the Complaint, Defendant denies the allegations.

126. With respect to Paragraph 126 of the Complaint, Defendant denies the allegations.

127. With respect to Paragraph 127 of the Complaint, Defendant denies the allegations.

128. With respect to Paragraph 128 of the Complaint, Defendant denies the allegations.

129. With respect to Paragraph 129 of the Complaint, Defendant denies the allegations.

130. With respect to Paragraph 130 of the Complaint, Defendant denies the allegations.

131. With respect to Paragraph 131 of the Complaint, Defendant denies the allegations.

132. With respect to Paragraph 132 of the Complaint, Defendant denies the allegations.

133. Defendant incorporates his response to the foregoing Paragraphs as though fully restated herein.

134. With respect to Paragraph 134 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 134, and on that basis, Defendant denies the allegations.

135. With respect to Paragraph 135 of the Complaint, Defendant denies the allegations.

136. With respect to Paragraph 136 of the Complaint, Defendant denies the allegations.

137. With respect to Paragraph 137 of the Complaint, Defendant denies the allegations.

138. With respect to Paragraph 138 of the Complaint, Defendant denies the allegations.

139. With respect to Paragraph 139 of the Complaint, Defendant denies the allegations.

140. Defendant denies Paragraph 140, except that Defendant admits that Plaintiff's employment was terminated in January 2021.

141. With respect to Paragraph 141 of the Complaint, Defendant denies the allegations.

142. With respect to Paragraph 142 of the Complaint, Defendant denies the allegations.

143. With respect to Paragraph 143 of the Complaint, Defendant denies the allegations.

144. With respect to Paragraph 144 of the Complaint, Defendant denies the allegations.

145. With respect to Paragraph 145 of the Complaint, Defendant denies the allegations.

146. With respect to Paragraph 146 of the Complaint, Defendant denies the allegations.

147. With respect to Paragraph 147 of the Complaint, Defendant denies the allegations.

148. With respect to Paragraph 148 of the Complaint, Defendant denies the allegations.

149. Defendant incorporates his response to the foregoing Paragraphs as though fully restated herein.

150. With respect to Paragraph 150 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 150, and on that basis, Defendant denies the allegations.

151. With respect to Paragraph 151 of the Complaint, Defendant denies the allegations.

152. With respect to Paragraph 152 of the Complaint, Defendant denies the allegations.

153. With respect to Paragraph 153 of the Complaint, Defendant denies the allegations.

154. With respect to Paragraph 154 of the Complaint, Defendant denies the allegations.

155. With respect to Paragraph 155 of the Complaint, Defendant denies the allegations.

156. With respect to Paragraph 156 of the Complaint, Defendant denies the allegations.

157. With respect to Paragraph 157 of the Complaint, Defendant denies the allegations.

158. With respect to Paragraph 158 of the Complaint, Defendant denies the allegations.

159. With respect to Paragraph 159 of the Complaint, Defendant denies the allegations.

160. With respect to Paragraph 160 of the Complaint, Defendant denies the allegations.

161. With respect to Paragraph 161 of the Complaint, Defendant denies the allegations.

162. With respect to Paragraph 162 of the Complaint, Defendant denies the allegations.

163. Defendant incorporates his response to the foregoing Paragraphs as though fully restated herein.

164. With respect to Paragraph 164 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 164, and on that basis, Defendant denies the allegations.

165. With respect to Paragraph 165 of the Complaint, Defendant denies the allegations.

166. With respect to Paragraph 166 of the Complaint, Defendant denies the allegations.

167. With respect to Paragraph 167 of the Complaint, Defendant denies the allegations.

168. With respect to Paragraph 168 of the Complaint, Defendant denies the allegations.

169. With respect to Paragraph 169 of the Complaint, Defendant denies the allegations.

170. With respect to Paragraph 170 of the Complaint, Defendant denies the allegations, except that Defendant admits that Plaintiff's employment was terminated in January 2021.

171. With respect to Paragraph 171 of the Complaint, Defendant denies the allegations.

172. With respect to Paragraph 172 of the Complaint, Defendant denies the allegations.

173. With respect to Paragraph 173 of the Complaint, Defendant denies the allegations.

174. With respect to Paragraph 174 of the Complaint, Defendant denies the allegations.

175. Paragraph 175 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

176. With respect to Paragraph 176 of the Complaint, Defendant denies the allegations.

177. With respect to Paragraph 177 of the Complaint, Defendant denies the allegations.

178. With respect to Paragraph 178 of the Complaint, Defendant denies the allegations.

179. With respect to Paragraph 179 of the Complaint, Defendant denies the allegations.

180. Paragraph 180 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

181. Paragraph 181 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

182. Defendant incorporates his response to the foregoing Paragraphs as though fully restated herein.

183. With respect to Paragraph 183 of the Complaint, Defendant denies the allegations.

184. Paragraph 184 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

185. Paragraph 185 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

186. Paragraph 186 of the Complaint contains legal conclusions. As such, no response is required. To the extent a response is required, Defendant denies the allegations.

187. With respect to Paragraph 187 of the Complaint, Defendant denies the allegations.

188. With respect to Paragraph 188 of the Complaint, Defendant denies the allegations.

189. With respect to Paragraph 189 of the Complaint, Defendant denies the allegations.

190. With respect to Paragraph 190 of the Complaint, Defendant denies the allegations.

191. With respect to Paragraph 191 of the Complaint, Defendant denies the allegations.

192. With respect to Paragraph 192 of the Complaint, Defendant denies the allegations.

193. Defendant incorporates his response to the foregoing Paragraphs as though fully restated herein.

194. With respect to Paragraph 194 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 194, and on that basis, Defendant denies the allegations.

195. With respect to Paragraph 195 of the Complaint, Defendant denies the allegations.

196. With respect to Paragraph 196 of the Complaint, Defendant admits the allegations.

197. With respect to Paragraph 197 of the Complaint, Defendant denies the allegations.

198. With respect to Paragraph 198 of the Complaint, Defendant denies the allegations.

199. With respect to Paragraph 199 of the Complaint, Defendant denies the allegations.

200. With respect to Paragraph 200 of the Complaint, Defendant denies the allegations.

201. With respect to Paragraph 201 of the Complaint, Defendant denies the allegations.

202. With respect to Paragraph 202 of the Complaint, Defendant denies the allegations.

203. With respect to Paragraph 203 of the Complaint, Defendant denies the allegations.

204. With respect to Paragraph 204 of the Complaint, Defendant denies the allegations.

205. With respect to Paragraph 205 of the Complaint, Defendant denies the allegations.

206. With respect to Paragraph 206 of the Complaint, Defendant denies the allegations.

///

///

///

///

## AFFIRMATIVE DEFENSES

By way of affirmative defense to the allegations of the complaint herein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

Plaintiff's complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Avoidable Consequences)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because, to the extent that any actions of Defendant could be construed as unlawful discrimination, retaliation, or wrongful termination in violation of public policy (all of which Defendant denies, Defendant exercised reasonable care to prevent such conduct and would have taken immediate and appropriate corrective action to remedy and stop any such alleged misconduct if Plaintiff had informed Defendant about the alleged misconduct. Plaintiff, however, failed to utilize the preventative or corrective remedies provided by Defendant and failed to otherwise avoid such harm. Plaintiff's claims are, therefore, barred, in whole or limited in part, by the doctrine of avoidable consequences.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

Plaintiff's causes of action are barred in whole or in part because Plaintiff failed meaningfully to exhaust his administrative remedies under the California Fair Employment and Housing Act, Government Code §12900 *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendant alleges, on information and belief, that Plaintiff's complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

(Comparative Fault)

If Plaintiff suffered or sustained any damages or injury as a proximate result of the conduct of Defendant, as alleged in the Complaint, such damages or injury were proximately caused or contributed to by the willful acts and/or negligence of Plaintiff or others, which bars or reduces Plaintiff's right to recover any damages against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

(Offset)

Any recovery for lost wages must be offset or reduced to the extent Defendant already compensated Plaintiff in full or in excess of what was required by law. Alternatively, Defendant is entitled to a set-off for amounts Plaintiff owes Defendant for receipt of wages or other benefits to which he was not entitled.

### SEVENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Preemption)

To the extent Plaintiff claims any acts of Defendant or their employees caused his alleged emotional distress, the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, lies under the California Workers' Compensation Act, California Labor Code sections 3600 *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

To the extent discovery or investigation may disclose information which could serve as a basis for any defense by Defendant, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred in whole or in part, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### TENTH AFFIRMATIVE DEFENSE

(Estoppel)

The Complaint as a whole, and each purported cause of action alleged therein, is barred to the extent Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's claims are barred, in whole or in part, to the extent such claims have been waived, discharged, and/or abandoned.

### TWELFTH AFFIRMATIVE DEFENSE

(Same Decision and Mixed-Motive Defense)

Any recovery is barred because even assuming arguendo that Defendant' actions were motivated in part by a discriminatory or retaliatory reason (which Defendant denies), Defendant would have made the same employment decisions towards Plaintiff in any case for legitimate, non-discriminatory, non-retaliatory business reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Managerial Immunity)

Any recovery for injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant is barred by the doctrine of managerial immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

Plaintiff's claims for punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud by an officer, director or managing agent of Defendant within the requirements of California Civil Code section 3294.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Management Discretion)

Plaintiff's complaint, and each and every cause of action alleged therein, is barred in that Defendant' actions were a just and proper exercise of management discretion, undertaken for a

fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, nondiscriminatory reasons.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or part by the applicable statutes of limitation, including, but not limited to, Government Code sections 12960(d) and 12965(b) and Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Unconstitutional Punitive Damages)

Plaintiff is barred from recovering punitive damages, because they are excessive and violate the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees and Costs)

Defendant has engaged attorneys to represent him in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 and Code of Civil procedure section 128.5 upon judgment in their favor.

### NINETEENTH AFFIRMATIVE DEFENSE

(Failure to Use Ordinary Care)

Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by Labor Code sections 2854 or 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

///

///

### TWENTIETH AFFIRMATIVE DEFENSE

(Business Necessity / Job Related)

As a separate and distinct affirmative defense, Defendant allege, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were justified by a business necessity and/or were job related because there exists an overriding business purpose for the safe and efficient operation of the business, and the challenged practice effectively fulfills the business purpose it is supposed to serve.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Privileged Conduct)

Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred because all decisions and acts by Defendant which pertained to Plaintiff's employment, were privileged and/or justified under California law and occurred in good faith based upon good cause and legitimate non-discriminatory, non-retaliatory reasons that were not related to Plaintiff's alleged disability, or any other factors protected by law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Voluntary Waiver of Meal and Rest Periods)

Plaintiff's claims regarding meal periods and rest breaks are barred, in whole or in part, to the extent Defendant provided required meal and rest breaks in compliance with California law, and Plaintiff voluntarily waived his right to take the meal or rest breaks as provided.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Willful Conduct / Good Faith Dispute)

To the extent Plaintiff seeks statutory penalties for any alleged willful failure to comply the requirements of the California Labor Code, including Cal. Lab. Code § 203, such penalties are barred because Defendant did not willfully violate any provision of the California Labor Code, and good faith disputes exist concerning any alleged violation.

///

///

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Laches)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the doctrine of laches for Plaintiff's unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Consent)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrine of consent.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Release / Claim Preclusion)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred to the extent the claims have been released as part of a class action settlement in *David Baird v. Safe Haven Security Services, Inc.*, Case No. CIVSB1924470, in the Superior Court for the State of California, in and for the County of San Bernardino.

### RESERVATION OF ADDITIONAL DEFENSES

Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

### PRAYER FOR RELIEF

WHEREFORE, Defendant pray for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That Plaintiff take nothing by this action;
3. That the Complaint and each claim for relief be dismissed in its entirety with prejudice;
4. That Defendant be awarded the costs of suit incurred in this action;
5. That Defendant be awarded his attorneys' fees according to proof; and,

Defendant Jamie Lee Goehring's
Answer to Plaintiff's Complaint for Damages

6. For such other and further relief as the Court may deem just and proper.

Dated: June 16, 2023

JACKSON LEWIS P.C.

By: /s/ Benjamin R. Eversole
Angel R. Sevilla
Benjamin J. Schnayerson
Benjamin R. Eversole

Attorneys for Defendants
SAFE HAVEN SECURITY SERVICES, INC., SAFE HAVEN SECURITY SERVICES, LLC and JAMIE LEE GOEHRING